UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NAKOTA TRUCKING, LLC, | Case No. 1:22-cv-00041-MCE |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| HUB INTERNATIONAL MOUNTAIN STATES LIMITED, et al., | |
| Defendants. | |

By way of this action, Plaintiff Nakota Trucking, LLC, ("Nakota") seeks to recover from Defendant insurers HUB International Mountain States Limited ("HUB") and American Empire Surplus Lines Insurance Company ("AESLIC") those monies Nakota paid to settle claims arising out of a collision involving one of Nakota's independent contractors. Ex. A, Dkt. 1-2 ("Am. Compl."). Presently before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by AESLIC. Dkt. 2-1.[1] For the following reasons, AESLIC's Motion is hereby GRANTED with leave to amend.

///

///

///

---

[1] HUB filed a statement of non-opposition. Dkt. 18.

1

# BACKGROUND[2]

On February 15, 2016, a motor vehicle accident occurred between Matthew Hardrick and Hector Luis Salas in La Salle County, Texas. Am. Compl., ¶ 21. At the time of the accident, Hardrick (an independent contractor of Nakota) was driving a tractor-trailer owned by Nakota and hauling crude oil on behalf of Nakota for a third party, Rose Rock Midstream Field Services, LLC ("Rose Rock"). Id. ¶ 16; see Ex. 1, Am. Compl., at 1. Hardrick was operating pursuant to a Master Service Agreement (the "Agreement") that Nakota and Rose Rock entered into on October 19, 2015. That Agreement lists Nakota's address as "7411 Grandview Ave., Arvada, CO 80002" and specifies that notices should be sent to that address. Id. ¶ 17. Rose Rock is an Oklahoma corporation. Id. At the time of the accident, Salas was driving a tractor-trailer on behalf of Rose Rock. Am. Compl., ¶ 21.

Hardrick filed a negligence-based suit against Rose Rock and Salas in the District Court for the 81st Judicial District, in La Salle County, Texas, Case No. 16-03-00023-CVL (the "Underlying Lawsuit"). Id. ¶ 23. Rose Rock and Salas then filed a crossclaim against Nakota for contribution and breach of contract. Id. ¶ 24. According to Rose Rock, Nakota failed to indemnify, defend, and hold harmless Rose Rock and Salas, as required by the Agreement. Id. ¶ 25.

On April 13, 2017, the Texas court granted Rose Rock's motion for summary judgment against Nakota, ruling that the Agreement in place at the time of the underlying accident provided that Nakota would defend and indemnify Rose Rock from and against claims such as the one brought by Hardrick against Rose Rock. Id. ¶ 28. The Texas court determined that Rose Rock was entitled to costs of defense and indemnification from any damages awarded to Hardrick under the claims made in his complaint as well as reasonable attorney's fees and expenses. Id. After the Texas court issued its order,

---

[2] Unless otherwise indicated, the following recitation of facts is taken, for the most part verbatim, from AESLIC's Motion to Dismiss, which sets forth in truncated form the allegations in Nakota's Amended Complaint.

on May 23, 2017, Nakota, Rose Rock, and Hardrick executed a settlement agreement ("Hardrick Settlement").  Id. ¶ 30; see Ex. 4, Am. Compl.  Under that agreement, Nakota contends it was required to pay $89,067.63 to Hardrick from its own coffers; $60,932.37 to Hardrick from funds in Rose Rock's possession but otherwise owed to Nakota; and $140,000 to Zurich Insurance (Rose Rock's surety) for attorney's fees and expenses incurred in defending Rose Rock against Hardrick's claims.  Am. Compl. ¶ 34.

In the present suit, which was initiated in Idaho state court, Nakota seeks to recover the $290,000.00 it agreed to pay under the Hardrick Settlement from Defendants HUB and AESLIC.  Id. ¶¶ 34, 51.  The Amended Complaint, in part, includes a single cause of action against AESLIC for breach of contract, with Nakota contending that its duty to indemnify Rose Rock under the Agreement is a covered loss under its commercial general liability policy with AESLIC.  See id. ¶¶ 67–77.  Nakota alleges AESLIC breached said policy by disclaiming coverage for the Hardrick Settlement.  Id. ¶ 76.

Defendants subsequently removed this action here.  HUB has filed an Answer, but AESLIC filed the instant Motion to Dismiss, arguing that it lacks sufficient contacts with Idaho to be subject to the jurisdiction of this Court and that requiring it to defend against this action in this venue would violate due process.

## STANDARD

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court.  World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Pennoyer v. Neff, 95 U.S. 714, 732–33 (1877); Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945)).  In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 671 (9th Cir. 2012) (citation omitted).  However,

when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts" to withstand the motion to dismiss. Id. at 672 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the plaintiff. Wash. Shoe, 704 F.3d at 672.

Where, as here, there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Idaho's long-arm statute, Idaho Code § 5-514, is "coextensive" with federal due process requirements. SRE-Cheaptrips, Inc. v. Media Synergy Grp., LLC, No. CV 09-00622-S-EJL, 2010 WL 1913589, at *2 (D. Idaho, May 12, 2010). Accordingly, "the Court need only determine whether asserting personal jurisdiction complies with due process." Id.

There are two categories of personal jurisdiction from a due process perspective: general and specific. A court has general jurisdiction over a nonresident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is an exacting standard that requires the defendant's contacts to approximate physical presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Specific personal jurisdiction, on the other hand, exists when a defendant's "in-state activity is continuous and systematic and that activity gave rise to the episode-in-suit." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (citing Int'l Shoe, 326 U.S. 317 (1945)) (internal quotation marks omitted). However, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a [defendant] answerable in that State with respect to those acts . . . ." Id. (citation omitted).

The Ninth Circuit employs a three-part test to determine whether a non-resident has sufficient minimum contacts to be subject to specific personal jurisdiction: i) the non-resident defendant must purposefully direct his activities or consummate some

4

transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.  Wash. Shoe, 704 F.3d at 672.  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

According to the Amended Complaint, the only relevant contact AESLIC has with Idaho is that Nakota is purportedly an Idaho limited liability company.  Am. Compl. ¶ 1.

However, nowhere in the operative pleading does Nakota allege that AESLIC knew or could have known that Nakota was domiciled in Idaho.  To the contrary the relevant policy documents all list Nakota's address as "7411 Grandview Ave., Arvada, CO 80002."  Contracting with a party, who happens to have a presence in a particular state, for insurance coverage pertaining to activities in another state is wholly insufficient to establish general personal jurisdiction over the contracting party.  Moreover, no other allegations in the Amended Complaint permit a plausible inference that AESLIC otherwise has such continuous and systematic contacts with Idaho that the exercise of general jurisdiction is warranted.

Nor does the Amended Complaint set forth sufficient facts to establish the propriety of specific jurisdiction.  Again, the only allegation in the Amended Complaint that ties AESLIC at all to Idaho is that Nakota is purportedly domiciled there.  However, as the United States Supreme Court has observed:  "If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."  Burger King, 471 U.S. at 478.  This conclusion is especially apt here when nothing in the record even indicated that Nakota had ties to Idaho in the first place and all contract-related activities took place in other states.  That is, the insurance policy concerned Nakota's activities while delivering crude oil to Rose Rock, an Oklahoma entity, in Texas.  Given that, the Amended Complaint simply does not establish that AESLIC purposefully availed itself of the privilege of conducting business in Idaho or that the claim for injuries sustained in a Texas vehicle accident and adjudicated by a Texas court arose out of any purported Idaho-related activities.  Finally, especially given the lack of alleged contacts that AESLIC has with Idaho, it would be wholly unreasonable to force AESLIC to defend itself here.  Accordingly, AESLIC's Motion is well taken and thus GRANTED.

///

///

## CONCLUSION

For the foregoing reasons, AESLIC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 2) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: July 12, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE